1
2
3
4
5
6                        **UNITED STATES DISTRICT COURT**

7                             **DISTRICT OF NEVADA**

8    RANDALL DALBY and KANDI DECONTI-      )
     DALBY, et al.                          )
9                                           )
              Plaintiffs,                   )
10                                          )               3:09-cv-659-RCJ-VPC
         v.                                 )
11                                          )               **ORDER**
                                            )
12   CITIMORTGAGE, INC., et al.,            )
                                            )
13            Defendants.                   )
14   _____

15           Currently before the Court are a Motion to Remand (#5); a Motion to Stay All

16   Proceedings (#31); and four Motions to Dismiss (#43, 45, 46, 47).  The Court heard oral

17   argument on January 3, 2012.

18                               **BACKGROUND**

19   **I.    Procedural History**

20           In 2009, Defendants Aurora Loan Services and Mortgage Electronic Registration

21   Systems, Inc. ("MERS") filed a petition for removal in this Court.  (Pet. for Removal (#1)).

22   Plaintiffs Randall Dalby, Kandi Deconti-Dalby, Molly England, Walt Swickla, Sharon Swickla,

23   Shane Synder, Jennifer R. Quilici, Rick Bell, Jewel Shepard, and Jean Merkelbach (collectively

24   "Plaintiffs") filed a 56-page complaint against Defendants Citimortgage, Inc.; Aurora Loan

25   Services; American Home Mortgage Servicing Inc.; Bank of America, N.A.; Recontrust

26   Company, N.A.; Countrywide Home Loans and BAC Home Loans Servicing fka Countrywide

27   Home Loans Servicing LP; Fidelity National Title Insurance Company; and MERS (collectively

28   "Defendants").  (Compl. (#1-3) at 1).  Plaintiffs alleged six causes of action including: (1)

     wrongful foreclosure; (2) fraud in the inducement; (3) conspiracy to commit fraud by creation,

1    operation, and use of the MERS system; (4) conspiracy to commit wrongful foreclosure by

2    creation, operation and use of the MERS system; (5) unjust enrichment; and (6) injunction,

3    reformation, declaratory, and quiet title.  (*Id.* at 1, 26-53).

4        In November 2009, Plaintiffs filed a motion to remand.  (Mot. to Remand (#5)).  On

5    January 27, 2010, this case was transferred to the Judicial Panel on Multidistrict Litigation,

6    MDL No. 2119.  (Conditional Transfer Order (#33)).  On April 21, 2010, this Court stayed all

7    proceedings in this case pending Judge Teilborg's order to remand.  (Order (#38) at 2).[1]

8        On April 28, 2010, Judge Teilborg issued the remand order.  (MDL Order (#39)).  The

9    order stated the following.  The MDL court would only retain causes of action that "turn on the

10   formation or operation of MERS, no matter how framed."  (*Id.* at 2).  The court would "not

11   retain claims that, although naming MERS as a defendant, allege conduct primarily related to

12   loan origination and collection practices."  (*Id.*).  The MDL court retained claims 1, 3, and 4,

13   and part of claims 2, 5, and 6, and remanded part of claims 2, 5, and 6 to this Court.  (*Id.* at

14   8).

15   **II.    Complaint**

16       In the second cause of action for fraud in the inducement, Plaintiffs alleged that

17   Defendants had "failed to disclose the material terms of the loans and incidental services to

18   Plaintiffs at the execution of the closing papers" and had "failed to explain the fact that

19   Plaintiffs and others similarly situated persons entering into similar loans by the millions across

20   this country were not qualified to enter the loans on the terms stated."  (Compl. (#1-3) at 29).

21   Plaintiffs alleged that "Defendants [had] concealed the true terms of the loans, and the risks

22   of the transactions, including, but not limited to, negative amortization, prepayment penalty

23   provisions, the risk of default and the risk of foreclosure."  (*Id.*).

24       In the fifth cause of action for unjust enrichment, Plaintiffs alleged that Defendants had

25   received monetary payments from Plaintiffs that they were not entitled to.  (*Id.* at 48).  Plaintiffs

26

27       [1] On January 13, 2010, MERS filed a motion to stay all proceedings pending a transfer

28   of the case to the MDL court.  (Mot. to Stay (#31)).  The Court denies this motion to stay (#31)
     as moot.

1   alleged that the Defendants who had serviced the loans "did not fund the loan, did not loan

2   any money to the Plaintiffs, and [were] not holders in due course of the notes . . . and [had]

3   no lawful right to foreclose on Plaintiffs' home[s] if Plaintiffs [did] not make the payments

4   according to the notes that were executed by Plaintiffs at the time the loans were received."

5   (*Id.* at 50).

6       In the sixth cause of action, Plaintiffs sought declaratory relief, reformation, and quiet

7   title. (*Id.* at 51-52). Plaintiffs allege that they each executed a note secured by a deed of trust

8   on their respective properties located in Nevada. (*Id.* at 3-12).

9                                   **LEGAL STANDARD**

10      When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the

11   court must accept as true all factual allegations in the complaint as well as all reasonable

12   inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150

13   n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the

14   nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the

15   court should only look to the contents of the complaint during its review of a Rule 12(b)(6)

16   motion to dismiss. However, the court may consider documents attached to the complaint or

17   referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First

18   Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

19      The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a

20   claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th

21   Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant

22   is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,

23   249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does

24   not need detailed factual allegations; rather, it must plead "enough facts to state a claim to

25   relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022

26   (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,

27   1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949,

28   173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*,  371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

### I.    Motion to Remand (#5)

Plaintiffs move to remand the case because there is no federal question or diversity jurisdiction in this case.  (Mot. to Remand (#5) at 2-4).  Plaintiffs assert that the Dalbys and the Swicklas are residents of California and that Defendant Fidelity National Title Insurance Company is a California corporation.  (*Id.* at 3-4).

In response, Citimortgage argues that Plaintiffs' complaint raises significant issues of federal law because their claims reference federal banking laws, rules, and regulations; violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act; violations of federal lending laws; and violations of federal laws to deceive homeowners and securities purchasers.  (Opp'n to Mot. to Remand (#17) at 2-3).  Citimortgage asserts that

1   complete diversity exists because  every Plaintiff is a citizen of Nevada because each Plaintiff

2   alleged that the properties at issue were their primary residences.  (*Id.* at 5).  Aurora Loan

3   Services also filed a response and makes similar arguments to Citimortgage.  (*See generally*

4   Opp'n to Mot. to Remand (#16)).

5       In reply, Plaintiffs argue that they have only asserted common law, state law claims.

6   (Reply to Mot. to Remand (#25) at 3).  Plaintiffs contend that the Dalbys and the Swicklas are

7   California residents and that the allegation that all of Plaintiffs' properties are Plaintiffs' primary

8   residences is a misstatement.  (*Id.*).  Plaintiffs also argue that Bank of America is a resident

9   of Nevada because it can be "served with process at any branch in this State."  (*Id.*).

10      In this case, the Court denies the motion to remand because both federal and diversity

11  jurisdiction exist on the face of the complaint.   Here, Plaintiffs' third cause of action for

12  conspiracy to commit fraud by the creation, operation, and use of MERS system alleges that

13  Defendants conspired to violate federal laws including TILA and the Real Estate Settlement

14  Procedures Act.  (*See* Compl. (#1-3) at 31, 36, 39, 41).  Therefore, this Court has federal

15  jurisdiction because the third cause of action is based on the interpretation of federal law.  *See*

16  28 U.S.C. § 1331 (providing that the "district courts shall have original jurisdiction of all civil

17  actions arising under the Constitution, laws, or treaties of the United States").

18      Diversity jurisdiction also exists in this case.  *See* 28 U.S.C. § 1332(a)(1) (providing that

19  the "district courts shall have original jurisdiction of all civil actions where the matter in

20  controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

21  between . . . citizens of different States").  The complaint states that "Plaintiffs all own property

22  located in the State of Nevada, counties of Washoe and Douglas and Plaintiffs maintained

23  [their] primary residence at all times relevant" in those properties.  (*See* Compl. (#1-3) at 3-11).

24  As such, based on the complaint, Plaintiffs are all citizens of Nevada.  *See Kanter v. Warner-*

25  *Lambert Co.*, 265 F.3d 853,  857 (9th Cir. 2001) (holding that a person's citizenship is

26  determined by the state of domicile, which is a person's permanent home where he or she

27  resides with the intention to remain or to return).

28      With respect to the Defendants, a corporation is a citizen of (1) "any State by which it

1   has been incorporated" and (2) "the State where it has its principal place of business." 28

2   U.S.C. § 1332(c)(1).  Pursuant to 28 U.S.C. § 1348, "[a]ll national banking associations shall,

3   for the purposes of all actions by or against them, be deemed citizens of the States in which

4   they are respectively located."  In *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S.Ct.

5   941, 945, 163 L.Ed.2d 797 (2006), the Supreme Court determined that, for purposes of

6   § 1348, a national bank "is a citizen of the State in which its main office, as set forth in its

7   articles of association, is located."

8        In this case, none of the Defendants are citizens of Nevada.  Citimortgage is a New

9   York corporation with a principal place of business in Missouri.  (Statement Upon Removal

10  (#11) at 2).  Aurora Loan Services is a Delaware limited liability company with a principal place

11  of business in Colorado.  (*Id.*).  American Home Mortgage Servicing, Inc. is a Delaware

12  corporation with a principal place of business in Texas.  (*Id.*).  Bank of America, N.A. is a

13  national bank with its main office, as designated in its articles of incorporation, in North

14  Carolina.  (*Id.*).  Recontrust Company, N.A. is a national association with a primary address

15  in California.  (*Id.*).  Countrywide Home Loans is a New York corporation with a principal place

16  of business in California.  (*Id.*).  BAC Home loans Servicing, LP is a Texas limited partnership.

17  (*Id.* at 3).  Fidelity National Title Insurance Company is a California corporation with a principal

18  place of business in California.  (*Id.*).  MERS is a Delaware corporation with a principal place

19  of business in Virginia.  (*Id.*).  Moreover, based on the multiple loans at issue in this case, the

20  amount in controversy exceeds $75,000.  (*See* Compl.  (#1-3) at 21-24).  As such, diversity

21  jurisdiction exists.  Accordingly, the Court denies the motion to remand (#5).

22  **II.     Motions to Dismiss (#43, 45, 46, 47)**[2]

23       Aurora Loan Services (#43); American Home Mortgage Servicing, Inc. (#45); Bank of

24  America, N.A., Recontrust, Countrywide, and BAC Home Loans (#46), and Citimortgage (#47)

25  all filed motions to dismiss remanded claims 2, 5, and 6.  Plaintiffs filed a response.  (Opp'n

26  to Mot. to Dismiss (#54)).  Defendants filed replies.  (Reply to Mot. to Dismiss (#55, 59, 60,

27

28       [2] Citimortgage filed a joinder to all of the other motions to dismiss.  (Joinder (#48) at 1).

6

61)).

The Court dismisses the second cause of action for fraud in the inducement.  The elements of fraud in Nevada are: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) defendants intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance.  *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992).  Pursuant to Fed. R. Civ. P. 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  As such, the pleadings "must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). In this case, Plaintiffs make general allegations of fraud based on the failure to disclose certain facts about the inner workings of the mortgage industry and for failing to explain to them that they were not qualified to enter the loans on the stated terms.  Because Plaintiffs do not allege that Defendants made any false statements about the terms of the deal they fail to state a claim for fraud.  Additionally, Plaintiffs' fraud allegations lack the specificity required by Rule 9(b).  Therefore, the Court dismisses the second cause of action without leave to amend.

The Court dismisses the fifth cause of action for unjust enrichment because the deeds of trust constitute express, written contracts.  *See Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (holding that "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement").  The Court dismisses the sixth cause of action because Plaintiffs are not entitled to relief when they fail to state a substantive claim.  Accordingly, the Court grants the motions to dismiss claims 2, 5, and 6, without leave to amend (#43, 45, 46, 47).

///

///

7

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion to Remand (#5) is DENIED.

IT IS FURTHER ORDERED that the Motion to Stay All Proceedings (#31) is DENIED as moot.

IT IS FURTHER ORDERED that the Motions to Dismiss (#43, 45, 46, 47) are GRANTED in their entirety without leave to amend.  There are no remaining claims in this case.

The Clerk of the Court shall enter judgment accordingly.


DATED: This 10th  day of January, 2012.

_____
United States District Judge